# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                                                       Case No. 86-CR-96

**LINDA MIKULA**
        **Defendant.**

## ORDER

In 1986, defendant Linda Mikula pleaded guilty to embezzlement of bank funds, and Judge Thomas Curran placed her on probation for three years. Following an extension, her probation expired in 1991. On August 9, 2014, defendant sent a letter requesting that the conviction be expunged. The case was reassigned to me due to Judge Curran's retirement.

In her letter, defendant indicated that she obtained a Wisconsin insurance license in 1994 and had worked in that field for two decades. She recently took a new position that required her to be licensed in all 50 states, which she had been able to do in all states except Florida, which denied her a license. She indicated that she had requested reconsideration from Florida licensing authorities, and that based on a conversation with the legal department in Florida she believed that an expungement order would be a positive step in having them reconsider.

I ordered the government to respond, and on August 22, 2014, it filed an opposition to the request. I afforded defendant a chance to reply, but she has not done so.

The court may order expungement of judicial records if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the

records. United States v. Flowers, 389 F.3d 737, 739 (7th Cir. 2004); United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993).[1] Because expungement is an extraordinary remedy, the balance very rarely tips in favor of granting it. Flowers, 389 F.3d at 739. The unwarranted adverse consequences must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records. Id.

Defendant fails to demonstrate uniquely significant unwarranted adverse consequences. As the Seventh Circuit has noted, it is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment. Id. "[I]f employment problems resulting from a criminal record were 'sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy.'" Id. at 739-40 (quoting United States v. Smith, 940 F.2d 395, 396 (9th Cir. 1991)). The denial of a license in one state is insufficient to warrant the extraordinary remedy of expungement. See United States v. Fathalla, No. 07-CR-87, 2011 WL 4349368, at *3 (E.D. Wis. Sept. 15, 2011) (denying expungement where the defendant claimed that her conviction impeded her ability to advance in her field, but she was able to find work in that field).

**THEREFORE, IT IS ORDERED** that defendant's request (R. 25) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] The court lacks jurisdiction to order expungement of executive branch records. Janik, 10 F.3d at 472.